Irwin D. Davidson, J.
Motion by petitioner for an order pursuant to sections 1461 and 1464 of the Civil Practice Act to confirm an arbitrator’s award. The respondent by cross motion seeks to enjoin petitioner from attempting to arbitrate any matters which are now pending before the National Labor Relations Board and to vacate the arbitrator’s award now under consideration. The petitioner, hereinafter referred to as the Union, and respondent, hereinafter referred to as the employer, duly executed a collective bargaining agreement during the year 1960. Said agreement encompassed such matters as discharge of employees, stoppages, military service, arbitration of dispute, and the manner of said arbitration. It also named the arbitrator who would be utilized and under the terms of the agreement gave him broad powers of inquiry. A dispute arose in the latter part of March, 1963, which concerned an alleged breach of the agreement by the employer pertaining to “ outside work.” The union charged the employer with having sent some of the work to another shop in New York as well as to a Pennsylvania plant which he was in the process of opening. Pursuant to article 33 of the agreement the Union wrote to the employer and made their grievances known to him. Conferences ensued, but no settlement of the disputes were reached. The matter was then submitted to the arbitrator and he scheduled a hearing on the issues. Sometime prior to the hearing the union submitted a grievance to the NLRB which concerned the opening of the out-of-State plant. The heart of the grievance was that by the opening thereof the New York employees were deprived of a full work-week because the employer allegedly diverted some of his work from the New York branch factory. There was no action taken by the board at the time of the scheduled arbitration hearing. When the parties met at the hearing, the employer inquired of the arbitrator whether or not he was to take evidence concerning the out-of-State plant and the arbitrator asserted that he had to take all evidence which would be essential in the determination of the matter before him. The employer responded that not only was the out-of-State plant not in operation prior to the union’s complaint, but that that issue was the subject of the NLRB grievance and therefore not within the scope or jurisdiction of the arbitrator’s authority. The employer sought a ruling to exclude all evidence concerning the out-of-State plant. Counsel for the union objected; the objection having been sustained, the employer “ walked out ” of the hearing. The hearing continued to its conclusion and the award was rendered in favor of the union. The employer failed to abide by and comply with the award, causing the instant motions.
*138 The issues before the court are (1) whether the NLRB’s receiving a grievance concerning alleged unfair labor practice pre-empted the arbitrator’s inquiry into that matter; (2) if not, whether the employer’s mistaken belief that it did, would compel the court to grant a rehearing. The employer advances the theory that if the arbitrator passes on the issues which were submitted to the NLRB and the NLRB subsequently did the same there would result two findings from the same dispute. The employer cites the case of Spodick v. Cohen (12 A D 2d 471), as being in point. There the lower court granted summary judgment without prejudice to an amended complaint. Surely this was in error due to the fact that should the amended complaint prove sufficient there could result therefrom two judgments in the same action. Here we have two distinct tribunals, the NLRB and the arbitrator. The NLRB is duly sanctioned to hear and determine matters concerning unfair labor practices. The arbitrator, by reason of the collective bargaining agreement was empowered to hear and determine matters arising out of disputes covered under the said agreement. In the case cited there was first a judgment granted by the NLRB which would preclude further argument. Here there is no judgment, only a submitted grievance which by no means could prevent the arbitrator from performing his duty. In Matter of Buchholz (15 A D 2d 394), there was a different issue under consideration. There the union alleged that an employee was discharged in a manner which would constitute an unfair labor practice. The board held that the employee quit of his own volition. Subsequently at a representation election the employer challenged that employee’s right to vote in light of the board’s determination. The union sought arbitration but the employer prevailed in his attempt to effect a stay thereof. It was held that the board’s determination precluded arbitration of the same issues. The court is not at odds with that case, but finds the case distinguishable and not in point. Here there has been no prior determination of the matters objected to by the employer. The employer contends that the “only” distinction between the Buchhols case and the one at bar is that the board has not yet acted in this case. He would have res judicata or pre-emption predicated upon a mere grievance, not yet even reduced to a charge. The tenuous nature of this assertion does not merit further comment. The employer then declares that he had no recourse but to default at the hearing by reason of the doctrines enumerated in Matter of McGovern v. Janel’s Music Corp. (18 A D 2d 897) and Susi v. Chandler’s Restaurant (N. Y. L. J., Nov. 1, 1962, p. 13, col. 6, at bottom). In the McGovern case it *139 was held that one may not move to vacate an award on the ground that no contract to arbitrate existed after the one aggrieved participated in the arbitration. That case reports that where a party has a meritorious objection to the arbitration, he waives same if he participates in the hearing. Here there is no meritorious objection. So, too, with the Susi case (supra). The employer’s contention that he did not receive sufficient notice is untenable. The objection was waived when not presented at the time of the hearing. If there were any procedural defects pertaining to the arbitration prior to the hearing, surely a motion to stay was in order. The court finding that the arbitration was proper, the employer may only depend upon vacatur under section 1460 and section 1462 of the Civil Practice Act.
Accordingly, the motion in all respects is granted, cross motion denied.